IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DONALD CONNELL BETTS, SR., # 35834**　　　　　　　　　　**PETITIONER**

**VERSUS**　　　　　　　　　　**CIVIL ACTION NO. 2:16cv163-KS-MTP**

**JOHNNY DUPREE, FRAZIER BOLTON,
TASHA MYERS-MITCHELL, KYLE
STEWART, VINCENT BROWN,
JONATHAN FARRIS, and BILLY MAGEE**　　　　　　　　　　**RESPONDENTS**

## ORDER DENYING MOTION TO REOPEN CASE

BEFORE THE COURT is *pro se* Petitioner Donald Connell Betts, Sr.'s Motion to File a Habeas Corpus [13], which the Court construes as a motion to reopen the case. Betts is a pretrial detainee at the Forrest County Adult Detention Center. On December 8, 2016, the Court dismissed this case without prejudice, finding that federal habeas corpus was not available to abort the State court proceedings. On December 23, Betts filed the instant motion, asking for permission to file an amended petition in this case, "with different and more substantial relief." (Mot. to File Habeas Corpus). He also asks for form complaints and petitions.

First, the Court will address the motion to reopen. Since Betts filed it within twenty-eight days of the Final Judgment, the motion shall be treated as one under Rule 59(e). Fed. R. Civ. P. 59(e); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989). A Rule 59(e) motion to alter a judgment should not be granted unless there is: (1) an intervening change in controlling law; (2) new evidence that could not have been diligently discovered earlier; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003); *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003). Motions for reconsideration are not to be

used to relitigate old matters or to present evidence that could have been raised prior to entry of judgment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon Le Torneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Betts does not challenge the Court's dismissal. Betts merely asserts that he will file a different petition, seeking "more substantial relief." The dismissal was without prejudice, and he has not demonstrated that a manifest injustice will occur if this case were not reopened. Since he fails to demonstrate any other reason under Rule 59(e) for reconsideration of the dismissal, the motion to reopen is denied.

As for Betts's request for forms, the Clerk shall respond to this inquiry in his usual manner.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, *pro se* Petitioner Donald Connell Betts, Sr.'s Motion to File a Habeas Corpus [13], which the Court construes as a motion to reopen this case, should be, and is hereby, **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court shall respond to Petitioner's request for forms in the Clerk's usual manner.

**SO ORDERED AND ADJUDGED** , this is   10th   day of January, 2017.

                                                 s/Keith Starrett
                                                 UNITED STATES DISTRICT JUDGE